# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 21-5181**

**September Term, 2023**

FILED ON: APRIL 9, 2024

WILLIAM B. JOLLEY,
> APPELLANT

v.

UNITED STATES OF AMERICA,
> APPELLEE

Appeal from the United States District Court
for the District Columbia
(No. 1:20-cv-00668)

Before: WILKINS and CHILDS, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia, the briefs of the parties, and oral argument held on January 10, 2024. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is:

**ORDERED** and **ADJUDGED** that the appeal be **DISMISSED**.

\* \* \*

In 2018, Petitioner William Jolley filed two pro se administrative appeals under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") with the Merit Systems Protection Board ("MSPB"). *See* 38 U.S.C. §§ 4301-4335. While his appeals before the MSPB were pending, Jolley brought a separate suit in the District Court, challenging the constitutionality of the appointments of the MSPB's Administrative Judges ("AJs") and the statutory review scheme to which his claims were subject. The District Court dismissed Jolley's claims for lack of subject matter jurisdiction, pursuant to *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994). Jolley then appealed to this court to overturn the District Court's dismissal of his case. However, before this court could decide Jolley's appeal, his proceedings before the MSPB concluded. This renders his constitutional claims moot. Because we have no authority to decide moot claims, s*ee Iron Arrow*

*Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983), we dismiss Jolley's appeal for lack of jurisdiction.

## I.

"A special statutory review scheme . . . may preclude district courts from exercising jurisdiction over challenges to federal agency action." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 185 (2023). The Supreme Court has said that "in cases involving delayed judicial review of final agency actions, we shall find that Congress has allocated initial review to an administrative body where such intent is fairly discernible in the statutory scheme." *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207 (1994) (footnote and quotation omitted). "Whether a statute is intended to preclude initial judicial review is determined from the statute's language, structure, and purpose, its legislative history, and whether the claims can be afforded meaningful review." *Id*. (citation omitted). To determine whether a statutory review scheme affords a claim "meaningful review," the Court has set forth three factors. *See id*. First, could "a finding of preclusion . . . foreclose all meaningful judicial review"? *Id*. at 212-13. Second, is the claim "wholly collateral to [the] statute's review provisions"? *Id*. at 212 (quotations omitted). And, finally, is the claim "outside the agency's expertise"? *Id*.

The Supreme Court recently amplified the *Thunder Basin* test in *Axon*. The plaintiffs in *Axon* were respondents in administrative enforcement actions before the Securities and Exchange Commission ("SEC") and the Federal Trade Commission ("FTC"). The respondents sued in district court seeking to enjoin the FTC and SEC proceedings prior to any Administrative Law Judge ("ALJ") decisions in the agency enforcement actions. "Each suit charged that some fundamental aspect of the Commission's structure violate[d] the Constitution; that the violation made the entire proceeding unlawful; and that being subjected to such an illegitimate proceeding cause[d] legal injury (independent of any rulings the ALJ might make)." *Axon*, 598 U.S. at 182. In particular, respondents claimed that the agencies' ALJs were insufficiently accountable to the President, in violation of separation-of-powers principles. And one respondent attacked as well the combination of prosecutorial and adjudicatory functions in a single agency. The Supreme Court said that "[t]he challenges [we]re fundamental, even existential. They maintain[ed] in essence that the agencies, as currently structured, [we]re unconstitutional in much of their work." *Id*. at 180.

The Court in *Axon* concluded that, in applying the *Thunder Basin* factors, it was clear that the district court had jurisdiction to adjudicate the respondents' "sweeping constitutional claims." *Id*. at 189. First, the Court found that eventual review by a federal appellate court "would come too late to be meaningful" because the claims considered were "about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker. . . . A proceeding that has already happened cannot be undone." *Id.* at 191. That these claims were structural also meant they were collateral to the relevant statutes' review provisions, because they "challeng[ed] the Commissions' power to proceed at all, rather than actions taken in the agency proceedings." *Id.* at 192. Finally, because these claims involved "standard questions of administrative and constitutional law, detached from considerations of agency policy," they did not implicate either agency's special expertise. *Id.* at 194 (quotations omitted).

## II.

The statutory review scheme at issue in the instant case is contained in USERRA, which creates a tiered system of review for claims by veterans alleging employment discrimination under the statute. 38 U.S.C. §§ 4322-4324. Veterans asserting claims against private employers can bring their actions in federal district court. *Id.* § 4323(b)(3). Veterans bringing claims against state employers generally must bring their actions in state court, *id.* § 4323(b)(2), and veterans whose USERRA claims lie against a federal employer must initiate administrative appeals before the MSPB, with the prospect of eventual review in the Federal Circuit, *id.* § 4324.

As noted above, Jolley filed two pro se administrative appeals with the MSPB in 2018. He asserted employment discrimination claims under USERRA and raised a constitutional challenge to the appointments of the MSPB's AJs. The appeals were consolidated, and the Appointments Clause question was certified to the MSPB, with the proceedings stayed pending its resolution. At the time, the MSPB lacked the requisite number of members to form a quorum and could not decide the question.

While his USERRA actions were pending before the MSPB, Jolley filed suit (pro se again) in the District Court. In this suit, he challenged the constitutionality of having to proceed with his USERRA claims in the MSPB's administrative review process instead of in a federal district court. He pressed three claims: First, he alleged that USERRA's separate channels of review for veterans in private employment and in federal employment violated the Equal Protection Clause by creating two unequal classes of veterans. Second, he alleged that the MSPB and its AJs unconstitutionally exercise Article III power when reviewing USERRA claims. Third, he alleged that the MSPB's AJs were not appointed in accordance with the Appointments Clause.

The Government moved to dismiss, and Jolley moved for partial summary judgment on his Appointments Clause claim. The District Court granted the Government's motion and dismissed Jolley's claims for want of subject matter jurisdiction, finding that USERRA's comprehensive review scheme precluded federal district court jurisdiction over Jolley's suit.

Jolley filed a timely appeal to this court. During the pendency of his appeal, this court ordered that the appeal be held in abeyance while the Supreme Court resolved *Axon*, 598 U.S. 175. Around the same time this court ordered that the appeal be held in abeyance, the MSPB attained a quorum. *See* U.S. Merit Sys. Prot. Bd., *Frequently Asked Questions about the Lack of Quorum Period and Restoration of the Full Board* (updated Jul. 12, 2023), https://perma.cc/8Q8Z-S9NJ. The MSPB then acted to ratify its prior appointments of its AJs "as [its] own under Article II of the Constitution." U.S. Merit Sys. Prot. Bd., *Ratification Order* (Mar. 4, 2022), https://perma.cc/258E-5EG6. The MSPB then addressed Jolley's stayed appeals and found that its ratification order had mooted his Appointments Clause challenge. *Jolley v. Dep't of Hous. & Urban Dev.*, 2022 WL 985832, at *2 (M.S.P.B. Mar. 31, 2022). In December 2022, a new AJ considered and denied Jolley's claims on the merits. *Jolley v. Dep't of Hous. & Urban Dev.*, 2022 WL 17902460 (M.S.P.B. Dec. 21, 2022). Jolley's subsequent petition for review of the AJ's decision was dismissed as untimely. *Jolley v. Dep't of Hous. & Urban Dev.*, 2024 WL 245034, at *1 (M.S.P.B. Jan. 22, 2024).

On April 14, 2023, the Supreme Court issued its decision in *Axon*. This court then removed Jolley's case from abeyance, appointed Amicus counsel to present arguments on his behalf, and ordered the parties to rebrief the case. Order (Jul. 11, 2023). In this order, we directed the parties to address (1) *Axon*'s application to the case, and (2) the effect of any developments in Jolley's claims before the MSPB and Federal Circuit during the pendency of the appeal. *Id.*

III.

At the court's request, the parties have confirmed that all of Jolley's MSPB claims underlying his District Court action have been resolved and none remains pending. An MSPB AJ resolved Jolley's claims on the merits in December 2022. *See Jolley v. Dep't of Hous. & Urb. Dev.*, 2022 WL 17902460 (M.S.P.B. Dec. 21, 2022). Jolley later petitioned the MSPB for review of the AJ's decision, but that petition was dismissed as untimely filed without good cause. *Jolley v. Dep't of Hous. & Urban Dev.*, 2024 WL 245034, at *1 (M.S.P.B. Jan. 22, 2024). And our review has confirmed that the contested USERRA actions before the MSPB and Federal Circuit that underlay Jolley's *Axon* action in the District Court are no longer live.

Because Jolley's contested USERRA actions have concluded, the constitutional claims he raised before the District Court are moot. Jolley's Appointments Clause challenge was rendered moot by the MSPB's ratification of its prior appointments of its Administrative Judges "as [its] own under Article II of the Constitution." U.S. Merit Sys. Prot. Bd., *Ratification Order* (Mar. 4, 2022), https://perma.cc/258E-5EG6; *see Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 16 n.3 (D.C. Cir. 2019) (per curiam) (Appointments Clause claim mooted where actions were "ratified by someone whose authority to undertake such a ratification . . . [the plaintiff] cannot challenge."). Following the MSPB's ratification, a new AJ heard Jolley's administrative appeals on the merits. This second hearing gave Jolley all the relief he requested: adjudication by a properly appointed AJ. There is no more effectual relief available. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed.") (quotation omitted).

Jolley's Equal Protection and Article III claims must also be dismissed. Like the plaintiffs in *Axon*, Jolley styles his injury as a "'here-and-now' injury of subjection to an unconstitutionally structured decisionmaking process." *Axon*, 598 U.S. at 192 (quoting *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2196 (2020)). But, as the Supreme Court stated clearly in *Axon*, "[a] proceeding that has already happened cannot be undone." *Id.* at 191. We cannot turn back the clocks on Jolley's USERRA claims to give Jolley relief from any injury he alleges to have suffered. Given that Jolley's administrative proceedings have concluded, "[j]udicial review of [his] structural constitutional claims [comes] too late to be meaningful." *Id.; see also McBryde v. Comm. to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.").

Because the MSPB proceedings referenced by Jolley's District Court complaint have

concluded, Jolley's federal court suit no longer touches upon any live MSPB action. Even assuming, *arguendo*, that there might be some merit to his arguments relying on *Axon*, there is no viable claim for us to remand to the District Court. Absent a pending and contested administrative proceeding, Jolley lacks standing to challenge the constitutionality of USERRA's administrative review scheme. All he has is a "generalized grievance," which is insufficient to present a constitutional case or controversy. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 n.3 (2014). And Jolley can make no claim of a "credible threat of enforcement," because *his* conduct is not subject to liability under USERRA. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Unlike a plaintiff asserting threatened government action as a basis for standing, Jolley voluntarily chose to bring the contested administrative appeals through the USERRA review scheme. *See id*. He is therefore bound by the MSPB's disposition of the claims raised in this case. Any judicial review of those claims was properly subject to the jurisdiction of the Federal Circuit.

We leave for another day the questions that *Axon* poses. We do not decide whether Jolley's claims are of the "fundamental, even existential" kind that go "to the structure or very existence of an agency" that the Supreme Court considered in *Axon*. *See Axon*, 598 U.S. at 180, 189. We also do not address whether *Axon*'s holding is limited to enforcement actions or whether petitioners bringing affirmative claims may bypass an administrative review scheme. *See id.* at 191. Nor do we determine how, even if we were to assume the District Court had subject matter jurisdiction over Jolley's claims pursuant to *Axon*, the lack of a cause of action or waiver of sovereign immunity should affect our disposition of Jolley's claims.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to issue the mandate forthwith. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

## Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

5